**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4777**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

TERRY LAMONT DEBERRY,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-04-41-BO)

---

Submitted: March 3, 2006            Decided: April 4, 2006

---

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James M. Ayers, II, AYERS, HAIDT & TRABUCCO, PA, New Bern, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina; John Howarth Bennett, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terry Lamont Deberry pled guilty, without the benefit of a plea agreement, to possession of a firearm by a felon and aiding and abetting the same criminal conduct, in violation of 18 U.S.C. §§ 922(g)(1), 924, 2 (2000). In July 2005, the district court sentenced Deberry to 120 months' imprisonment, the statutory maximum term, which fell below the calculated range of imprisonment under the advisory sentencing guidelines. See 18 U.S.C. § 924(a)(2) (2000). Deberry's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal; however, he requests that this court review Deberry's sentence. Deberry was notified of the opportunity to file a pro se supplemental brief, but declined to do so.

First, we find no merit in counsel's contention that, post-United States v. Booker, 543 U.S. 220 (2005), the district court must make factual findings concerning the guideline calculation beyond a reasonable doubt. See United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005); United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005).

Deberry's counsel also disputes the evidence supporting the district court's factual findings. At the sentencing hearing,

- 2 -

Deberry admitted his participation in an underlying offense of armed robbery. The evidence in the presentence report indicated Deberry stole the automobile used in the robbery, and Deberry's counsel acknowledges in his Anders brief that his client served as the driver. Pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(c)(1) (2004), which corresponds to the offense to which Deberry pled guilty, he was sentenced as a conspirator to the underlying offense of armed robbery. Because the district court found the evidence supporting the specific offense characteristics executed by Deberry's co-conspirators to be credible and attributable to Deberry, we conclude that the district court did not err in its calculation of the applicable sentencing guideline range. Further, we find this post-Booker sentence to be both reasonable and within the statutorily prescribed range. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Deberry's conviction and sentence. In addition, we deny counsel's motion to withdraw from further representation. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that the petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED